**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| In re: | **KAREN F. CUNNINGHAM** | CASE NO. | 07-61731-WA1-7 |
|---|---|---|---|
| | **DEBTOR(S)** | **CHAPTER:** | **7** |

| | |
|---|---|
| **BANK OF AMERICA, N.A.** | |
| **MOVANT(S)** | |
| v. | **M-14** |
| **KAREN F. CUNNINGHAM AND ANDREW S. GOLDSTEIN, TRUSTEE** | **RELIEF FROM STAY** |
| **RESPONDENT(S)** | |

**PRE-HEARING ORDER**

A Motion for Relief from Stay pursuant to 11 U.S.C. Sec. 362 has been filed and it appearing that pursuant to the provisions of Sec. 362 of the Bankruptcy Code the Court is required to conduct prompt hearings with respect to motions for relief from the automatic stay; and it further appearing that it is necessary to enter certain orders to permit the Court to conduct the aforesaid hearings, and good cause appearing, it is

O R D E R E D :

1. The Respondent(s) shall file such responsive pleading as is deemed appropriate within ten (10) days from the date of docketing of this Pre-Hearing Order. As part of the responsive pleading, the Respondent(s) shall indicate whether controversy exists as to the authenticity of any documents involved in the motion and shall specify the disputed documents. Upon the filing of a responsive pleading, a "contested matter" shall exist.

    **Failure to file a responsive pleading shall be deemed consent by the non-responding party to the relief requested by the Movant(s) and a waiver of any further notice or opportunity for hearing. Upon default, Movant(s) may prepare and file for entry a default judgment order and there will be no necessity for appearance of counsel as long as the order is filed with the Court prior to the hearing date.**

2. Within <u>five</u> (5) days from the date of this Pre-Hearing Order, the Movant shall file with the Court and serve on each Respondent a certification on the form attached hereto and supporting exhibits containing the following data:

    a.    True copies of all notes, bonds, deeds of trust, security agreements, car titles, financing statements, assignments, and every other document upon which the Movant(s) will rely at the time of hearing. Attaching these documents as exhibits to the motion shall constitute compliance.

    b.    A statement of amount due including a breakdown of the following categories:
- (1) Unpaid principal
- (2) Accrued interest and the beginning and ending dates for accrual thereof
- (3) Late charges and the period covered by the late charges
- (4) Attorney's fees
- (5) Advances for taxes, insurance, and the like
- (6) Unearned interest
- (7) Any other charges
- (8) A per diem interest factor

Inclusion of this information within the motion or as an exhibit thereto shall constitute compliance.

3. In contested matters, within <u>fifteen</u> (15) days from the date of docketing of this Pre-Hearing Order, the Movant(s) shall file with the Court and serve upon each Respondent a detailed report of any appraiser whose testimony is to be presented at the hearing. Said detailed report shall include, without limitation, the qualifications of the appraiser and the factual basis for the appraisal, including comparable sales if utilized, and the method of appraisal. In the case of a motor vehicle, Blue Book or Black Book values may be submitted and counsel shall certify which Book is being used and which category of value is being used, e.g. with respect to Blue Book - wholesale, retail or loan value.

4. In contested matters, <u>three</u> (3) days prior to hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a report of any appraiser it intends to utilize at the time of hearing, which report shall include the same detail as is specified in the preceding paragraph.

5. In contested matters, <u>three</u> (3) days prior to hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a statement as to how the Movant(s) can be adequately protected if the stay is to be continued by the Court.

6. The attorneys for the parties are directed to confer with respect to the issues raised by the Motion in advance of hearing for the purpose of determining whether a consent order may be entered and/or for the purpose of stipulating to relevant facts, such as the value of the property, and the extent and validity of any security interest.

7. In contested matters, on the working day prior to hearing, counsel shall file with the Court three copies of all exhibits to be introduced at the hearing.

8. All counsel and the parties shall comply with this Order and failure to do so will result in imposition of appropriate sanctions and/or dismissal of the proceeding.

Enter this date: December 10, 2007

**WILLIAM E. ANDERSON, JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| In re: | KAREN F. CUNNINGHAM | CASE NO. | 07-61731-WA1-7 |
|---|---|---|---|
| | DEBTOR(S) | CHAPTER: | 7 |

| | BANK OF AMERICA, N.A. | | |
|---|---|---|---|
| | MOVANT(S) | | |
| v. | | M-14 | |
| | KAREN F. CUNNINGHAM AND ANDREW S. GOLDSTEIN, TRUSTEE | RELIEF FROM STAY | |
| | RESPONDENT(S) | | |

**RESPONDENT'S CERTIFICATION REQUIRED WITH**
**RESPECT TO MOTION FOR RELIEF FROM STAY**

1. If different from Movant's certification, description of property:

   _____

   _____

2. Respondent's valuation of property: $_____

   Basis for such valuation:_____

   Appraisal or other documentation of such valuation, if attached, is identified as Respondent's Exhibit A

I HEREBY CERTIFY, as a Member of the Bar of this Court, that I represent the above-named Respondent(s) and that the information contained herein is true according to the best of my knowledge and belief.

DATED:_____

\*\*\*ALL BLANKS MUST BE COMPLETED.   _____
IF THE ANSWER IS NONE OR NOT             Signature of Respondent(s) Attorney
APPLICABLE, PLEASE SO STATE.         _____
                                     _____
                                     TYPE Name & Address Above

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| **In re:   KAREN F. CUNNINGHAM**<br><br>**DEBTOR(S)** | **CASE NO.    07-61731-WA1-7**<br><br>**CHAPTER:    7** |
| **BANK OF AMERICA, N.A.**<br><br>**MOVANT(S)**<br>**v.**<br>**KAREN F. CUNNINGHAM**<br>**AND**<br>**ANDREW S. GOLDSTEIN, TRUSTEE**<br><br>**RESPONDENT(S)** | **M-14**<br><br>**RELIEF FROM STAY** |

**MOVANT'S CERTIFICATION REQUIRED WITH**
**RESPECT TO MOTION FOR RELIEF FROM STAY**

1. Description of Property:_____

2. Copies of Security Instruments:  <u>Attached as Movant's Exhibit No. 1.</u>

3. Statement of Amount Due:
   (a) Unpaid Principal: _____
   (b) Accrued Interest from a specific date to a specific date: _____
   _____
   (c) Late Charges from a specific date to a specific date: _____
   _____
   (d) Attorney's fees: _____
   (e) Advances for Taxes, Insurance, and the Like: _____
   (f) Unearned Interest: _____
   (g) Any Other Charges: _____

4. A Per Diem Interest Factor: _____

5. *Detailed Report of Appraiser:  <u>Attached as Movant's Exhibit No. 2</u>
   *In case of motor vehicles, values may be submitted.

I HEREBY CERTIFY, as a Member of the Bar of the Court, that I represent the above-named Movant(s) and that the information contained herein is true according to the best of my knowledge and belief.

DATED:_____

***ALL BLANKS MUST BE COMPLETED.
 IF THE ANSWER IS NONE OR NOT
 APPLICABLE, PLEASE SO STATE.

_____
Signature of Movant's Attorney